UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

THOMAS DANIEL RHODES,

               Petitioner,

     v.

Warden LYNN DINGLE,

               Respondent.

Civil No. 08-198 (RHK/SRN)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254.  (Docket No. 1.)  The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, the Court will recommend that Petitioner's habeas corpus petition be summarily dismissed for lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

In July 1998, a Minnesota state court jury found Petitioner guilty of first degree murder.  He was sentenced to life in prison, and he is presently serving his sentence at the Minnesota Correctional Facility in Stillwater, Minnesota.

Shortly after the conclusion of Petitioner's trial, he filed a motion in the trial court seeking a new trial based on new evidence.  That motion was denied, and Petitioner then filed a direct appeal.  He also filed a post-conviction motion in the trial court, claiming that

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

he had been deprived of his constitutional right to effective assistance of counsel at trial. Petitioner asked the Minnesota Supreme Court to stay his direct appeal until after his post-conviction motion was decided, and that request was granted. The trial court denied Petitioner's post-conviction motion, and the direct appeal then proceeded.

The Minnesota Supreme Court determined that the trial court should have conducted an evidentiary hearing on Petitioner's post-conviction motion, and the case was therefore remanded to trial court for further proceedings. State v. Rhodes, 627 N.W.2d 74 (Minn. 2001). On remand, the trial court conducted an evidentiary hearing, and again denied Petitioner's post-conviction motion. Petitioner then filed another appeal, and on that appeal the Minnesota Supreme Court rejected all of Petitioner's claims on the merits, and upheld his murder conviction and life sentence. State v. Rhodes, 657 N.W.2d 853 (Minn. 2003).

Petitioner then filed a habeas corpus petition here in the United States District Court for the District of Minnesota. Rhodes v. Fabian, Civil No. 04-176 (RHK/SRN), ["Rhodes I"].) Petitioner raised several claims for relief in that petition, including (1) insufficiency of the evidence, (2) ineffective assistance of counsel, and (3) denial of due process, because he was not granted a new trial based on new evidence. Rhodes I was assigned to this Court for a Report and Recommendation, ("R&R"). After carefully considering each of Petitioner's claims for relief on the merits, the Court entered an R&R on April 22, 2005, which recommended that Petitioner's habeas corpus petition be denied. Petitioner filed objections to the R&R, but the District Court Judge overruled those objections, adopted the R&R, and denied Petitioner's habeas corpus petition. (See Rhodes I, Order dated September 12, 2005, [Docket No. 48]. The R&R and Dismissal Order are available on Westlaw at 2005 WL 2704896.) Petitioner tried to appeal the final dismissal of his habeas corpus petition

2

in <u>Rhodes I</u>, but that effort failed, because both the District Court and the Eighth Circuit Court of Appeals found that Petitioner's case did not warrant a Certificate of Appealability, as required by 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b).  (See <u>Rhodes I</u>, [Docket Nos. 56 and 60].)

After Petitioner failed in his bid for federal habeas corpus relief, he returned to the Minnesota state courts, and attempted to challenge his conviction in another state post-conviction motion.  He argued that his conviction should be set aside because of new evidence that was not available during his earlier state court proceedings.  Petitioner's new state post-conviction motion was denied, and he then appealed (for the third time) to the Minnesota Supreme Court.  Petitioner's most recent state court appeal was rejected on July 19, 2007.  <u>Rhodes v. State</u>, 735 N.W.2d 315 (Minn. 2007).

On January 22, 2008, Petitioner commenced the present action by filing his second habeas corpus petition in this District.  Petitioner is once again seeking a writ of habeas corpus that would vacate his 1998 state court murder conviction.  The current petition and accompanying memorandum present two claims for relief: (1) that Petitioner was denied due process, because certain newly discovered evidence shows that he was convicted based on evidence that was unreliable and insufficient, and (2) that Petitioner was deprived of his constitutional right to effective assistance of counsel.  These claims, however, cannot be addressed on the merits, because the Court does not have jurisdiction in this matter.

## II.  DISCUSSION

On April 24, 1996, President Clinton signed the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), which effected several significant changes to the federal habeas corpus statutes.  One of those changes appears at 28 U.S.C. § 2244(b), which establishes

new rules governing second and successive habeas corpus petitions.[2]  Under these new

_____

[2]  28 U.S.C. § 2244(b) now provides as follows:

"**(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

 **(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

    **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

    **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

 **(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

**(B)** A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

**(C)** The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

**(D)** The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

**(E)** The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

 **(4)** A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."

rules, a district court cannot entertain a second or successive application for habeas corpus relief filed by a state prisoner, unless the prisoner has first obtained pre-approval from the appropriate court of appeals – i.e., an order that expressly allows him to file another petition.  28 U.S.C. § 2244(b)(3)(A).   See Cox v. Norris, 167 F.3d 1211, 1212 (8th Cir. 1999) (prisoner must receive authorization from the Court of Appeals in order for a district court to consider a second or successive application for habeas corpus relief).

Petitioner's current habeas corpus petition is his second application for federal habeas corpus review of his 1998 Minnesota state court conviction.  Because the first such application, (Rhodes I), was dismissed on the merits, the present action must be viewed as a "second or successive petition" for purposes of § 2244(b).  Therefore, the present action cannot be entertained without a pre-authorization order from the Eighth Circuit Court of Appeals.  Because Petitioner has not shown that he has obtained a pre-authorization order, his current petition must be dismissed for lack of jurisdiction. Burton v. Stewart, 127 S.Ct. 793, 796 (2007) (where a state prisoner "twice brought claims contesting the same custody imposed by the same judgment of a state court... he was required to receive authorization from the Court of Appeals before filing his second challenge..., [and] [b]ecause he did not do so, the District Court was without jurisdiction to entertain it"). See also Chadwick v. Graves, 110 F.Supp.2d 1110, 1114, (N.D.Iowa 2000); Wainright v. Norris, 958 F.Supp. 426, 431-32 (E.D.Ark. 1996).

The Court recognizes that at least some of Petitioner's current claims for relief are based on evidence that purportedly became available only after he filed his first federal habeas petition in Rhodes I.  That might cause Petitioner to believe that he should be automatically allowed to raise his new evidence claims in a new habeas petition, (because

5

those claims were, allegedly, unavailable to him when he filed his first habeas petition). Such reasoning, however, must be rejected, because even claims based on new evidence cannot be raised in a second or successive habeas petition, without pre-authorization from the apposite federal appellate court.  The United States District Court for the District of Minnesota cannot entertain <u>any claim</u> presented in a new habeas corpus petition, unless the Eighth Circuit Court of Appeals first grants him permission to file a successive habeas petition.

To obtain a pre-authorization order for his current claims for relief, Petitioner will have to persuade the Court of Appeals that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and that "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [Petitioner] guilty of the underlying offense."  28 U.S.C. § 2244(b)(2)(B).  If Petitioner can satisfy that requirement, and the Court of Appeals therefore grants him a pre-authorization order, he can then file a new habeas corpus petition in the District Court.

## III.  CONCLUSION

In sum, Petitioner's current habeas corpus petition is a second or successive petition, which must be dismissed for lack of jurisdiction, because the Court of Appeals has not granted him permission to file it.  The Court will recommend that this action be dismissed without prejudice, so that Petitioner can re-submit his habeas claims in a new action, if he is able to secure a pre-authorization order from the Court of Appeals, as

required by § 2244(b)(3)(A).[3]  Petitioner should carefully note, however, that <u>the Federal</u> <u>District Court will not entertain any future habeas petition pertaining to his 1998 state</u> <u>criminal conviction and sentence, unless such petition is accompanied by a pre-</u> <u>authorization order from the Eighth Circuit Court of Appeals</u>.

## IV.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**; and

2.  This action be **SUMMARILY DISMISSED WITHOUT PREJUDICE**, for lack of jurisdiction.

Dated: January 24, 2008

 s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 8, 2008** a writing which

---

[3]  There is some case law suggesting that an action barred by § 2244(b)(3) should be transferred to the appropriate court of appeals pursuant to 28 U.S.C. § 1631, rather than simply dismissed.  <u>See</u> <u>e.g.</u>, <u>Liriano v. United States</u>, 95 F.3d 119, 122-23 (2nd Cir. 1996); <u>Coleman v. United States</u>, 106 F.3d 339, 341 (10th Cir. 1997); <u>In re Sims</u>, 111 F.3d 45, 47 (6th Cir. 1997).  It would not be advisable, however, to follow that approach here.  The Court of Appeals will not authorize the filing of another habeas petition in the District Court unless Petitioner can meet the standard prescribed at § 2244(b)(2).  Because Petitioner has not specifically attempted to meet that standard in his present submissions, it is unlikely that the Court of Appeals would grant a pre-authorization order at this time.  28 U.S.C. § 2244(b)(3)(C).  It therefore makes more sense to dismiss the present action (without prejudice) and require Petitioner to file a separate motion for pre-authorization directly with the Court of Appeals, as contemplated at § 2244(b)(3).  That will allow Petitioner to fully explain to the Court of Appeals why he believes he meets the requirements of § 2244(b)(2), and why he should therefore be allowed to file a second habeas corpus petition in this District.

specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.